POINT PLEASANT WATER WORKS COMPANY, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF POINT PLEASANT BEACH ET AL., RESPONDENTS.

Argued November 5th, 1914—Decided February 19, 1915.

1. A municipal corporation has no power to enter into a contract with a water company, exempting its property from taxation, except under legislative authority.
2. A contract between a municipal corporation and a water company, that the municipality shall pay for water supplied to it a sum equal to the amount assessed against the water company for municipal taxes, is valid; but where the covenant is to furnish water to the municipality free of charge, a contract to pay a sum equal to the taxes will not be inferred.
3. An agreement on the part of a water company to furnish water to a municipality free of charge is not a contract that the municipality will pay for the water a sum equal to the taxes assessed against the water company.

On *certiorari* of taxes.

The prosecutors claim an exemption from taxation by reason of the original ordinance authorizing the Point Pleasant Water Works Company to lay pipes for water in the public streets, and a contract made in pursuance thereof. The fourth section of the ordinance provides that said company shall at all times furnish to the said borough a full and uninterrupted supply of water, free of charge, for the use of public buildings, including school-houses. The seventh section provides that all the property and franchises belonging to said water works company within said borough shall be exempt from municipal taxation by said borough during the life of the franchise, and during the time that the water works company shall continue to maintain and operate the works in accordance with the provisions of the ordinance. The contract contains similar stipulations.

Before Justices Swayze, Parker and Kalisch.

For the prosecutors, *Durand, Ivins & Carton.*

For the defendants, *Clarence H. Murphy.*

The opinion of the court was delivered by

Swayze, J. No legislative authority is shown authorizing the borough to make a contract exempting the property of the water company from taxation; in the absence of such power, the contract is not valid. It is argued, however, that while in form the contract is one to exempt from taxation, it is really one to pay for water supplied to the borough for its municipal purposes, a sum equal to the amount assessed for municipal taxes. Such a contract is valid. *Montclair Water Company* v. *Montclair,* 81 *N. J. L.* 573.

The facts that the covenant to furnish water and the covenant to exempt from taxation are independent, and that one is found in section 4 and the other in section 7 of the ordinance militate strongly against the prosecutor's claim. There is no connection between the amount of tax to be released and the value of the water to be supplied. Still more per-

suasive, and to our minds conclusive, against the prosecutors is the provision in section 4 of the ordinance and also of the contract that the water shall be furnished free of charge. If the prosecutors are right, the water would not be furnished free of charge but would be paid for, and at a price apparently in excess of the ordinary charge. The consideration for the agreement to furnish the water free of charge seems to have been the consent of the municipality to the incorporation of the water company. If it be said that the contract must be read as a whole and that possibly the water company would not have undertaken a meritorious public work but for the promised exemption, the answer must be that the disappointment of the water company at finding the provision for exemption unwarranted by law, cannot be permitted to have the legal effect of giving the municipality powers which the legislature has not granted. The remedy of the water company when it finds itself deprived of the anticipated benefit, is to surrender its privileges under the ordinance and contract and say that it did not enter into part of the contract but only into the contract as a whole.

The fact that for years after the contract was made the water company did not claim any exemption is of some significance as a contemporary construction.

The tax is affirmed, with costs.